[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10926

_____

D.C. Docket No. 2:12-cr-00199-VEH-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BADRA KABA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 16, 2014)

Before JORDAN, Circuit Judge, and RYSKAMP[*] and BERMAN,[**] District
Judges.

PER CURIAM:

_____

[*]  Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of
Florida, sitting by designation.

[**]  Honorable Richard M. Berman, United States District Judge for the Southern District of New
York, sitting by designation.

Badra Kaba appeals his convictions for violating 18 U.S.C. §§ 1029(a)(3), 1029(a)(4), and 1028A, as well as the sentences imposed by the district court. Following oral argument and a review of the record, we affirm, and address only those arguments that merit discussion.[1]

First, considered as a whole, the district court's jury instruction for the aggravated identity theft charge under § 1028A adequately conveyed the government's burden of proof, and did not constitute error, plain or otherwise. The district court instructed the jury that Mr. Kaba could be found guilty of violating § 1028A "only if all of the following facts are proven beyond a reasonable doubt," and then told the jury that, among other things, "the government must also prove that the defendant knew that the means of identification . . . belonged to a real person and not a fictitious person." Even under *de novo* review, *see United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000), we conclude that this instruction would have been understood by a reasonable jury to mean that the government had to prove beyond a reasonable doubt that Mr. Kaba knew that the means of

---

[1] At oral argument, Mr. Kaba suggested that he had challenged, as impermissible double-counting, the sentencing enhancement for his possession of the encoder. *See* U.S.S.G. § 2B1.1(b)(11)(A)(i). Our review of his brief, however, indicates that no double-counting argument was asserted, and his counsel have confirmed that in a post-argument letter brief. The only argument Mr. Kaba raised as to this enhancement was that it could not be applied because there was insufficient evidence that the encoder was functional. *See* Appellant's Br. at 41. We therefore do not address the double-counting issue.

identification belonged to a real person, as required by *Flores-Figueroa v. United States*, 556 U.S. 646 (2009).

Second, exercising plenary review, *see United States v. Feliciano*, 747 F.3d 1284, 1288 (11th Cir. 2014), we conclude that the evidence was sufficient for the jury to find Mr. Kaba guilty of violating §§ 1029(a)(3).

Starting with the conviction under § 1029(a)(3), Mr. Kaba argues that the government did not prove that 15 or more access devices were functional.  The record, however, shows otherwise.  Mr. Kaba possessed several dozen credit, debit, or gift cards issued by various credit card companies.  All of these cards had account numbers encoded on their magnetic strips—strips which could be re-encoded—and those numbers did not match the account numbers embossed on the cards.  These cards were "access devices" because they could be used, "alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value[.]"  § 1029(e)(1).  *See United States v. Sepulveda*, 115 F.3d 882, 887 (11th Cir. 1997).  They were also "counterfeit access devices" (i.e., access devices that are "counterfeit, fictitious, altered, or forged, or an identifiable component of an access device," § 1029(e)(2)) and/or "unauthorized access devices" (i.e., access devices which are "lost, stolen, expired, revoked, canceled, or obtained with intent to defraud," § 1029(e)(3)).

3

The possession of these cards—together with, among other things, the possession of a credit-card encoder, the possession of blank credit cards, the possession of computer files containing additional credit card numbers, and the use of B.R.'s card number—also sufficed to permit the jury to find that Mr. Kaba acted with intent to defraud. Contrary to Mr. Kaba's suggestion, the government did not have to prove with direct evidence that the access devices were capable of immediate use to obtain something of value.[2]

Turning to the conviction under § 1029(a)(4), we reject Mr. Kaba's argument that the government had to prove that the credit-card encoder found in his apartment actually worked. For starters, such a requirement is not found in the statutory language. To the extent that Mr. Kaba contends that intent to defraud cannot be inferred "from the mere possession of a non-functional piece of device-making equipment," Appellant's Br. at 36, he ignores the fact that software for the encoder was installed on two computers in his apartment. The encoder was "device-making equipment" under § 1029(e)(6) because it was "designed or primarily used for making an access device or a counterfeit access device." The

---

[2] Mr. Kaba's challenge to the district court's loss calculation is dependent on the contention that the district court erred in finding that there were 49 access devices. *See* Appellant's Br. at 40-41; Appellant's Reply Br. at 10 n.2. Because we have rejected Mr. Kaba's contention with respect to what constitutes an access device, the sentencing challenge based on that contention fails.

jury had ample evidence, including the evidence described above in the discussion relating to § 1029(a)(3), to find that Mr. Kaba had the requisite *mens rea*.

**AFFIRMED.**